07WF17010c-ord(SocraDismissalOrder).wpd

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| **ROBERT JOWERS, et al.,** | : |
| | :    **Case No. 07-WF-17010** |
|     **Plaintiffs,** | :    **(a/k/a Case No. 06-CV-01187 (S.D. Miss.))** |
| | : |
|     v. | :    **JUDGE O'MALLEY** |
| | : |
| **LINCOLN ELECTRIC CO., et al.,** | :    **MEMORANDUM AND ORDER** |
| | : |
|     **Defendants** | : |

Plaintiff Robert Jowers brings this action against six defendants: Lincoln Electric Company, Hobart Brothers Company, BOC Group, Inc., ESAB Group, Inc., Illinois Tool Works ("ITW"), Arcos Industries, LLC, and Socra Corp.[1] The six defendants are all manufacturers of welding rods that Jowers asserts he used during his career as a welder in Mississippi. Jowers alleges the fumes given off by these welding rods caused him to suffer neurological injury. In his third amended complaint, Jowers brings claims for: (1) aiding and abetting, acting in concert, and joint and concurrent tortfeasors in the tortious failure to warn; (2) aiding and abetting, acting in concert, and joint and concurrent tortfeasors in the failure to investigate and test; (3) conscious/negligent misrepresentation involving risk of physical harm; (4) negligent performance of an undertaking; (5) negligence; (6) negligent sale of a product; (7) strict liability – sale of an unreasonably dangerous product; (8) strict liability – failure to warn; and (9) punitive damages.

---

[1] Robert is joined as a plaintiff by his wife, Donna Jowers, who brings a claim for loss of consortium. For simplicity, the Court refers in this opinion to Robert as "Jowers," as though he is the sole plaintiff. The third amended complaint also listed a number of other defendants, but Jowers voluntarily dismissed them.

The parties agree that Tamraz's claims all arise under Mississippi law.

Defendant Socra now moves to dismiss, based on failure of service of process (docket no. 148). For the reasons stated below, this motion is **GRANTED**, and Socra is **dismissed** as a defendant from this case.

Furthermore, based on representations from Jowers to the Court that he no longer intends to pursue certain claims, the following motions are **GRANTED, as unopposed**: (1) defendants' motion for summary judgment on count four (docket no. 191); (2) defendants' motion for summary judgment on counts one and two (docket no. 193); and (3) defendant ITW's motion for summary judgment on all claims (docket no. 209). In light of the last ruling, ITW is also **dismissed** as a defendant from this case.

**I.     Background.**

Although some of the following background is not critical to Socra's motion to dismiss, it is contextually helpful. During his career as a welder, Jowers worked at Ingalls Shipyard from 1972-2005, except for 1981-85. From the late 1970s until today – that is, almost the entirety of Jowers' career – there were present at Ingalls Shipyard certain welding consumables commonly identified and referred to as "Arcos" products. Knowing that there were "Arcos" products at Ingalls Shipyard during his tenure, Jowers has named in his third amended complaint two nominally-related defendants: Arcos Industries and Socra Corporation. Specifically, Jowers names:

> Arcos Industries, L.L.C., f/k/a Arcos Alloys Corporation ("Arcos") d/b/a Hoskins Manufacturing Company, . . . [which] is a foreign limited liability company organized under the laws of the State of Michigan, that has done and is doing business in Mississippi, with its principal place of business is 1 Arcos Drive, Mt. Carmel, Pennsylvania 17851-2511;

and

> SOCRA Corporation, as Successor to Arcos Alloys Corporation ("SOCRA") . . . [which] is a corporation incorporated under the laws of the State of Pennsylvania, that has done and is doing business in Mississippi, but is not qualified to do business in Mississippi, with its principal place of business at 1 Arcos Drive, Mount Carmel, Pennsylvania 17851.

Complaint at ¶3 (a, m).[2] Jowers asserts all of his claims against both of these two defendants.

In support of its motion to dismiss, Socra submits undisputed evidence showing the following corporate history:

March 8, 2000           Arcos Alloys Corp. is incorporated in Pennsylvania.

December 18, 2001    Arcos Industries, LLC purchases the manufacturing business and assets of Arcos Alloys Corp., which continues to exist but ceases doing business.

October 1, 2002         Arcos Alloys Corp. changes its name to Socra Corp.

There is no evidence of record regarding any "Arcos"-related entity before March 8, 2000. Thus, the evidence shows that the entity responsible for any "Arcos" welding consumable that Jowers may have used at Ingalls Shipyard (if any), over time, is as follows:

before March 8, 2000                          unknown

March 8, 2000 – December 17, 2001     Socra Corp. (f/k/a Arcos Alloys Corp.)

December. 18, 2001 – present                Arcos Industries, LLC

In sum, to the extent Jowers has a connection to defendant Socra through his use at Ingalls Shipyard of "Arcos" welding consumables, that connection began, at the earliest, on March 8, 2000, when Socra's predecessor-in-interest came into existence; and that connection ended, at the latest, on December 18, 2001, when Socra's predecessor-in-interest ceased doing business. Jowers' connection to any other defendant related to his use of "Arcos" welding consumables is not relevant to the pending motion.

---

[2] Jowers alleges that Arcos Industries "at relevant times was a manufacturer and seller of welding products." *Id.* ¶3(a). Jowers does not make a similar allegation about Socra.

**II.     Service of Process.**

Jowers filed his initial complaint against Socra and other defendants on August 11, 2006, in Mississippi state court. Jowers filed a first amended complaint on October 26, 2006. Jowers then used certified mail to send to Socra, and also to Arcos Industries, LLC, copies of summons and the original and first amended complaints. Jowers used the same address for both of these two defendants; Socra's summons was mailed to:

> SOCRA Corporation, as Successor to
> ARCOS Alloys Corporation
> 1 Arcos Drive
> Mount Caramel, PA 17851

On November 1, 2006, the Socra summons was delivered to Judy Landi, who signed for the package. Ms. Landi apparently gave the contents of the package to Arcos Industries, LLC, and the package was eventually forwarded by Arcos Industries to counsel for Socra. The case was then removed to Mississippi federal district court and transferred to the Northern District of Ohio, as related to MDL 1535.

**III.    Applicable Law.**

When examining sufficiency of service of process, this Court looks to the applicable state law. *See Usatorres v. Marina Mercante Nicaraguenses*, 768 F.2d 1285, 1286 n. 1 (11th Cir. 1985) ("A federal court may consider the sufficiency of process after removal and does so by looking to the state law governing process."). The parties agree that Mississippi law applies in this case, and that the applicable statute is found at Miss. R. Civ. P. 4 (hereinafter, "Miss. Civ. Rule 4").

Miss. Civ. Rule 4(h) provides that a plaintiff must serve summons and complaint upon a defendant within 120 days of filing the complaint. Given that Jowers filed his initial complaint naming Socra as a defendant on August 11, 2006, his deadline for accomplishing service of process was December 11, 2006.

Miss. Civ. Rule 4(d)(4) sets out the allowed means for service of process when the defendant, like Socra, is "a domestic or foreign corporation": the plaintiff must "deliver[] a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." If the plaintiff does not succeed in making this delivery by the deadline, and "cannot show good cause why such service was not made within that period, the action *shall* be dismissed as to that defendant without prejudice." Miss. Civ. Rule 4(h) (emphasis added). The Mississippi Supreme Court requires strict compliance with these rules. *See Birindelli v. Egelston*, 404 So.2d 322, 324 (Miss. 1981) ("service of process on a non-resident defendant is jurisdictional, requiring strict compliance with statutory procedures."). Even actual knowledge by a defendant of the lawsuit does not excuse proper service of process. *Mosby v. Gandy*, 375 So.2d 1024, 1027 (Miss. 1979).

Finally, with regard to the corporate officers and agents upon whom service may properly be made under Miss. Civ. Rule 4(d)(4), it is clear that not any corporate employee will do. For example, while service upon a vice-president of a corporation may meet the requirements of the Rule, in-person service upon his personal secretary likely will not. *First Jackson Securities Corp. v. B. F. Goodrich Co.*, 176 So.2d 272 (Miss. 1965). Generally, "process may be served on the president or other head of the corporation, upon the cashier, secretary, treasurer, clerk, or [registered] agent of the corporation, or upon any one of the directors of such corporation." *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 211 (5th Cir. 2005) (construing Mississippi law). Service upon a corporation's receptionists, personal secretaries, and other low-level employees, however, is usually not sufficient.

**IV.   Analysis.**

The evidence is undisputed that, for over six years, defendant Socra is a corporate entity in name

5

only; since December of 2001, it has not been doing business, and it has had no employees. While it may share an address and a distant relationship with defendant Arcos Industries, neither Arcos Industries nor its officers or agents are, without more, officers or agents of Socra. Jowers offers no proof regarding the relationship of Ms. Landi to Socra, and it is Jowers' burden to establish that valid service of process has been obtained. *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). Here, the proof is lacking.

Jowers also argues that Socra waived any objection to sufficiency of service of process by making a general appearance in this action. This contention is not well–taken. Even though Socra participated in a November 7, 2007 teleconference with the Court regarding the venue of Jowers' trial, this participation did not amount to a general appearance before the Court. This is especially true in light of Socra's counsel's statements to counsel for co-defendants, in connection with that teleconference, that it intended to file a motion to dismiss for failure of service of process. Socra's counsel's statements to co-defendants that it had no venue objections did not amount to an authorization to counsel for those co-defendants to appear generally on Socra's behalf.

In sum, defendant Socra Corporation is a different entity than defendant Arcos Industries, LLC, and Socra is entitled – as are all "Arcos"-related defendants – to individualized, proper service of process. The burden is upon Jowers to obtain proper service and, when contested, to prove service was valid. Having failed to carry that burden, Socra's motion must be granted and Socra is dismissed as a defendant from this case.

**V.     Other Motions.**

There are pending in this case a number of other dispositive motions, which the Court will address

in a separate Order. Jowers has reported to the Court, however, that he has decided not to pursue at trial certain claims. Specifically, Jowers has determined he is not going to pursue against any defendant his claims for aiding and abetting, acting in concert, and joint and concurrent tortfeasors (claims 1 and 2); nor is he going to pursue against any defendant his claim for negligent performance of an undertaking (claim 4). Further, Jowers has determined he is not going to pursue any claims against defendant ITW. Accordingly, the defendants' motions for summary judgment on claims 1, 2, and 4 are all granted as unopposed, as is defendant ITW's motion for summary judgment on all claims; and ITW is also dismissed as a defendant from this case.

**IT IS SO ORDERED.**

/s/ Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED**: January 4, 2008